## Myrtle Mitchell, Appellee, v. Frank Parmelee Company, Appellant.

### Gen. No. 23,115.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY
OLSON, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1917. Reversed and remanded. Opinion filed
January 31, 1918.

### Statement of the Case.

Action by Myrtle Mitchell, plaintiff, against Frank
Parmelee Company, defendant, to recover the value of
baggage received by defendant for transportation and
not delivered. From a judgment for plaintiff, defend-
ant appeals.

ANDREW R. SHERIFF, for appellant; WALTER M.
KRIMBILL, of counsel.

EDMUND S. CUMMINGS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion
of the court.

### Abstract of the Decision.

1. CARRIERS, § 178*—*when limitation of liability in receipt not
binding.* A limitation of liability in a receipt given by a common
carrier for baggage is not binding on the shipper unless assented
to.

2. CARRIERS, § 564*—*what are questions for jury in action for*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Mitchell v. Frank Parmelee Co., 209 Ill. App. 428.

*damages for loss of baggage.* In an action against a carrier to recover for the loss of baggage, where, on a motion to direct a verdict, the evidence did not disclose that plaintiff knew or assented to the limitation of liability contained in the receipt, but admitted that she had heard there was such a limitation, and defendant introduced evidence tending to support the inference that baggage containing articles which plaintiff claimed to have a value of $1,782 would not have been received for delivery at defendant's risk for the disproportionate fee of 50 cents paid therefor, and that plaintiff stated that the baggage contained glassware and did not mention that it contained valuable jewelry, and was informed that it would be taken at her risk, it is for the jury to determine whether there was fraud in concealing the real character and value of the contents, whether the baggage contained the articles claimed by plaintiff to have been in it and whether there was an express understanding or agreement that it was to be carried at her risk, and in such a case it was error to direct a verdict for plaintiff.

3.  CARRIERS, § 113\*—*when relieved from liability as insurer.* Fraud may absolve a carrier from its liability as insurer, even though not from liability resulting from negligence.

4.  CARRIERS, § 120\*—*when fraud relieves carrier from liability as insurer.* A common carrier may be relieved from its liability as an insurer by a shipper's suppression of the value of goods delivered for transportation.

\*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.